J. STEVEN HOLT, Appellant, *v.* FIDELITY PHOENIX FIRE INSURANCE COMPANY OF NEW YORK, Respondent.

Third Department, January 7, 1948.

*Jack Goodman* for appellant.

*Ainsworth & Sullivan* for respondent.

DEYO, J. This action was brought to recover under a business interruption insurance rider attached to a standard fire policy issued to William Berinstein Enterprises, which owned and operated a motion picture theatre in the city of Albany. Pursuant to this rider the defendant agreed that if the building should be damaged or destroyed by fire so as to necessitate total or partial suspension of business, it would be liable for the actual loss sustained during the period necessary to repair, not to exceed twelve months, in the amount of $17,000, covering the net profit thereby prevented from being earned, certain fixed charges and the insured's payroll for a period of ninety days. It further provided that the loss should be determined by giving due consideration to the experience of the business before the loss, and the probable experience thereafter. The policy also provided against assignment without the consent of the company.

Berinstein Enterprises had entered into a contract with the plaintiff for the sale of the " premises " pursuant to which the " buildings " were to be kept insured for the benefit of the plaintiff and all existing policies continued and prorated as of the date of closing. Although the contract did not cover the vendor's business, it did provide that the plaintiff should assume " all obligations under all existing contracts " in connection with the operation of the theatre which the vendor agreed to assign but did not warrant.

On March 1, 1946, a fire occurred which was sufficient to suspend the operation of the business indefinitely. Following the fire Berinstein Enterprises filed proof of loss for and was paid the sum of $778.69 to cover its payroll loss under the business

interruption rider from March 1st to March 11th. Since the business was operating at a loss, no loss of profits was claimed. On March 11th, title to the premises was transferred to the plaintiff, who also received an assignment of all Berinstein's right, title and interest in the policy in question, effective as of that date, the plaintiff reimbursing Berinstein for unearned premium. Subsequently, the defendant sent its check for the unearned premium which was indorsed over and is now held by the plaintiff. The defendant declined to recognize the assignment, and this action was brought to recover for the loss which the plaintiff alleges he suffered after March 11th. Both parties moved for summary judgment, which was granted in favor of the defendant, and the complaint dismissed, with costs. We are now considering the appeal from that judgment.

The obligation under the rider in question was to reimburse the William Berinstein Enterprises for the loss which *it* sustained, arising by reason of *its* loss of profits, etc., because of an interruption of *its* business to be measured by *its* business experience before the loss and of *its* probable experience thereafter. The plaintiff was no party to this policy and any assignment to him was void. The plaintiff is proceeding on the theory that once the fire occurred a claim accrued, which could be assigned. That is, of course, true under a straight fire policy, and is probably true under a rent insurance policy. It would also seem clear that the Berinstein Enterprises had an accrued claim for its loss which could have been assigned. However, that is not the situation with which we are concerned. The claim which accrued by reason of the fire covered Berinstein's loss. This has been paid to Berinstein, and the business, the profits from which this policy covered, has been terminated. No claim or cause of action for the plaintiff's loss accrued at the time of the fire. That loss was in effect established, if at all, by the assignment. What this action amounts to is an attempt by a stranger to a policy of insurance to collect for loss of profits, etc., arising out of a business which had not come into existence until eleven days after the fire, and after the named insured, to whom the defendant had issued its policy had ceased to operate the business covered and had transferred the title, ownership and control of the premises to the plaintiff.

The judgment and order appealed from should be affirmed, with costs.

HEFFERNAN, FOSTER and RUSSELL, JJ., concur; HILL, P. J., dissents.

Judgment and order affirmed, with costs.